IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:21-CR-364-FL-1 / 5:24-CV-41-FL

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| v. | ) | ORDER |
| | ) | |
| DENNIS FORT, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on defendant's motions for compassionate release (DE 61) pursuant to 18 U.S.C. § 3582(c)(1)(A), to vacate, set aside, or correct sentence (DE 66, 72) pursuant to 28 U.S.C. § 2255, and requesting judicial notice of intervening case law (DE 90). Also before the court are the government's motions to dismiss the § 2255 motions (DE 86), and to seal records filed in opposition to the motion for compassionate release (DE 82).

Pursuant to 28 U.S.C. § 636(b)(1)(B), United States Magistrate Judge Robert B. Jones, Jr., entered a memorandum and recommendation ("M&R") (DE 100), wherein it is recommended that the court deny defendant's § 2255 motion and grant the government's motion to dismiss. Thereafter, petitioner objected to M&R (DE 101). The government also responded in opposition to defendant's motion for compassionate release. In this posture, the issue raised are ripe for ruling.

## BACKGROUND

On June 24, 2022, defendant pleaded guilty, pursuant to a written plea agreement, to one count of possession of a firearm with a removed, altered, or obliterated serial number, in violation 18 U.S.C. § 922(k); and one count of possession of a firearm in furtherance of a drug trafficking

crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i). The court sentenced defendant to aggregate term of 70 months' imprisonment and five years' supervised release. Defendant did not appeal the judgment of conviction.

As noted above, defendant, proceeding pro se initially, now moves for compassionate release, asserting several alternative grounds for relief. First, defendant argues that his prior federal sentence for drug crimes was excessive and the court therefore should reduce his criminal history category used for sentencing in the instant case. Second, defendant asserts that the Federal Bureau of Prisons ("FBOP") is not providing adequate treatment for his medical conditions, placing his health in jeopardy in the event of disease progression, or infection with COVID-19. Finally, defendant argues that the caregiver for his eight-year-old son is no longer able to provide for the child in light of the caregiver's worsening physical health, and that no other caregivers are available. In support, defendant relies upon educational and vocational training certificates earned in the FBOP, his FBOP recidivism risk assessment commonly known as "PATTERN," and FBOP employment and medical records.

Following appointment of counsel, defendant filed supplemental memorandum in support of the motion for compassionate release. Therein, defendant expands on the argument that he is the only available caregiver for his son, and he argues the sentencing factors under 18 U.S.C. § 3553(a) support a sentence reduction. In support of the supplemental memorandum, defendant relies upon 1) correspondence from defendant's family members and other individuals addressing the caregiver's health issues and his difficulties raising defendant's son; 2) defendant's FBOP program review for September 2023; 3) transcript showing defendant's completion of educational courses in the FBOP; 4) defendant's disciplinary history for his prior federal sentence; and 4)

2

defendant's sentence computation. The government responded in opposition to the motion for compassionate release, relying upon defendant's medical records. Finally, defendant, proceeding pro se, filed motion requesting that the court notice intervening change in law, in which he argues that recent amendments to the United States Sentencing Guidelines would produce a lower sentence if he were resentenced under these amendments.

Separately, defendant also moves to vacate, set aside, or correct his sentence pursuant to § 2255 (hereinafter, the "§ 2255 motion").[1] Defendant asserts six claims in this motion: 1) ineffective assistance of counsel based on counsel's alleged failure to correct error during arraignment when the court purportedly asked defendant's counsel as opposed to defendant himself if defendant was in fact guilty of the § 924(c) count ("claim one"); 2) the court violated defendant's due process rights by committing the same error described in claim one ("claim two"); 3) counsel was ineffective for failing to challenge defendant's § 922(k) conviction under the Supreme Court's decision in New York State Rifle & Pistol Association v. Bruen, 597 U.S. 1 (2022) ("claim three"); 4) counsel was ineffective for failing to investigate the factual basis for the § 924(c) count prior to defendant's guilty plea ("claim four"); 5) defendant's convictions must be vacated as violative of the Second Amendment in light of Bruen ("claim five"); and 6) the § 922(k) conviction is infirm under Rehaif v. United States, 588 U.S. 225 (2019) ("claim six").

The government moves to dismiss these claims pursuant to Federal Rule of Civil Procedure 12(b)(6). In support, the government argues all claims are barred by the collateral attack waiver in defendant's plea agreement, that he procedurally defaulted claims two, five, and six by failing

---

[1] The court refers collectively to both the original § 2255 motion filed January 25, 2024 (DE 66) and the corrected motion filed on the court's prescribed form February 9, 2024 (DE 72) as the "§ 2255 motion." The magistrate judge addressed all claims in both of these filings in the M&R. (See DE 100 at 5–6, 19).

to raise them on direct appeal, and that all claims fail on the merits. By M&R entered January 28, 2025, the magistrate judge recommends dismissal of the § 2255 motion. Petitioner timely filed objections to the M&R.

**COURT'S DISCUSSION**

A.  Motions for Compassionate Release

The court begins with defendant's motions for compassionate release.[2] With limited exceptions, the court may not modify a sentence once it has been imposed. 18 U.S.C. § 3582(c). One exception is the doctrine of compassionate release, which permits sentence reductions in extraordinary and compelling circumstances. As amended by the First Step Act, 18 U.S.C. § 3582(c)(1)(A) now permits a defendant to file motion for compassionate release in the sentencing court "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." First Step Act of 2018, Pub. L. No. 115-391, § 603, 132 Stat. 5194, 5239.

The court may reduce a defendant's term of imprisonment if it finds "extraordinary and compelling reasons" warrant a sentence reduction, the reduction "is consistent with applicable policy statements issued by the Sentencing Commission," and that the factors in 18 U.S.C. § 3553(a) "merit a reduction." 18 U.S.C. § 3582(c)(1)(A); United States v. McCoy, 981 F.3d 271, 275–76 (4th Cir. 2020); United States v. Kibble, 992 F.3d 326, 330 (4th Cir. 2021). The Sentencing Commission's current policy statement, U.S.S.G. § 1B1.13, defines extraordinary and

---

[2]  By his motion for judicial notice, defendant also effectively requests compassionate release by asking the court to consider non-retroactive amendments to the Sentencing Guidelines when considering the original motion for compassionate release. (DE 90).

compelling reasons based upon health conditions of the defendant, the risk of contracting communicable disease in correctional facilities, certain family circumstances, whether the defendant has been a victim of abuse by correctional officers, and other reasons. See U.S.S.G. § 1B1.13(b).

Here, the court will assume without deciding that defendant provides sufficient evidence of incapacitation of his son's primary caregiver and thus satisfies the extraordinary and compelling reasons prong as to this issue. See id. § 1B1.13(b)(3)(A). As to the remaining arguments, defendant fails to support his claim that the Federal Bureau of Prisons is not providing adequate care for his various health conditions, or that his risk of developing COVID-19 cannot be mitigated. See id. § 1B1.13(b)(1)(B)-(D); McCoy, 981 F.3d at 288 (noting § 3582(c)(1)(A) sets an "exceptionally high standard for relief"); (Def's Mot. (DE 61); compare Medical Records (DE 82); Gov. Mem. (DE 80) at 13–14)). Moreover, neither defendant's allegedly "unusually long sentence" in a prior federal case nor application of the 2024 amendments to the Sentencing Guidelines satisfy the extraordinary and compelling reasons standard. See U.S.S.G. § 1B1.13(b)(6) (requiring, among other things, that defendant has served at least 10 years' imprisonment on the current sentence).[3] Finally, to the extent defendant alleges that the court miscalculated his criminal history category or committed other errors calculating the guidelines range, he cannot challenge his sentence by way of a motion for compassionate release. See United States v. Ferguson, 55 F.4th 262, 272 (4th Cir. 2022) ("[W]e hold that a compassionate release

---

[3] In addition to the fact that defendant fails to satisfy U.S.S.G. § 1B1.13(b)(6) based on his argument that the 2024 guidelines amendments would produce a lower sentence, there is no indication that the amendments are applicable to defendant. (Compare Pl's Mot. for Judicial Notice (DE 90)) with PSR (DE 46) ¶¶ 50–61). In particular, the grouping rules under U.S.S.G. § 3D1.2 were not used in defendant's case, and the pertinent 2024 amendments address circumstances where a defendant is convicted under 18 U.S.C. § 924(c) together with an underlying drug trafficking offense, which is not the case here. See U.S.S.G. § 2K2.1 historical notes, 2024 amendments.

motion cannot be used to challenge the validity of a defendant's conviction or sentence.").

The court next considers whether the § 3553(a) factors support a sentence reduction when reconsidered in the context of the extraordinary and compelling reasons for release. See Kibble, 992 F.3d at 332. While the court acknowledges that defendant's imprisonment is causing substantial family hardship with respect to raising his son, a sentence reduction in not warranted on the record here. Defendant engaged in extremely serious criminal conduct by possessing firearms in furtherance of his drug trafficking activities. And he did so after serving a sentence of approximately 18 years' imprisonment for federal drug crimes. The court also remains concerned about defendant's possession of firearms in light of his past violent behavior, including convictions for assault with a deadly weapon, injury to real property, and hit and run, although these convictions occurred more than 30 years ago. (PSR (DE 46) ¶¶ 16, 22, 23). A sentence less than 70 months' imprisonment will not serve the goals of sentencing. See 18 U.S.C. § 3553(a).

The court commends defendant for his record of achievement in custody, which includes taking numerous educational or vocational training courses, maintaining a clean disciplinary record, and performing work that reflects high levels of trust placed in defendant by correctional officials. (Progress Report (DE 75-2); Def's Mot. (DE 61) at 2). In addition, defendant has been deemed a minimum risk of recidivism on the FBOP's risk assessment tool. (PATTERN Assessment (DE 61-2)). The court strongly encourages defendant to continue these rehabilitative efforts for the remainder of his custodial term and, as important, after his release.

Notwithstanding the rehabilitation and family hardships, the § 3553(a) factors do not support a sentence reduction at this time, in light of defendant's offense conduct, criminal history,

6

and other issues noted above. The current sentence remains necessary to reflect the seriousness of the offense, provide just punishment, protect the public from further crimes, and afford both specific and general deterrence to criminal conduct. Accordingly, the motions for compassionate release are denied.

B.      Section 2255 Motion

The district court reviews de novo those portions of the M&R to which specific objections are filed. 28 U.S.C. § 636(b). The court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982).[4] Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

A petitioner seeking relief pursuant to 28 U.S.C. § 2255 must show that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the Court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. § 2255(b).

---

[4]      In citations in this order, all internal quotations and citations are omitted, unless otherwise specified.

The magistrate judge thoroughly and cogently addressed the grounds for dismissal of the instant § 2255 motion. Defendant offers no specific objections to the magistrate judge's analysis, stating only that he objects to the M&R "in its totality" on the basis of his § 2255 motion and related filings. These objections do not point to any specific error in the M&R, and thus trigger review only for clear error. See Diamond, 416 F.3d at 315. Having conducted review for clear error, the objections must be overruled for the reasons cogently stated in the M&R, which the court adopts herein. The issues raised in defendant's § 2255 motion are addressed by the discussion in the M&R, and they do not provide a basis for additional analysis by the court.

C.  Certificate of Appealability

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner must demonstrate that reasonable jurists could debate whether the issues presented should have been decided differently or that they are adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000). After reviewing the claims presented on collateral review in light of the applicable standard, the court finds that a certificate of appealability is not warranted

**CONCLUSION**

Based on the foregoing, defendant's motions for compassionate release (DE 61) and requesting judicial notice (DE 90), the latter of which is construed as a supplemental motion for compassionate release, are DENIED. The government motion to seal records filed in support of its response to the motion for compassionate release (DE 82) is GRANTED and the clerk is DIRECTED to maintain docket entry 81 under seal. As to the § 2255 motions, the court ADOPTS

8

Case 5:21-cr-00364-FL     Document 102     Filed 04/07/25     Page 8 of 9

the M&R (DE 100). Defendant's motions to vacate, set aside, or correct his sentence (DE 66, 72) are DENIED, and respondent's motion to dismiss (DE 86) is GRANTED. A certificate of appealability is DENIED. The clerk is DIRECTED is close this case

SO ORDERED, this the 8th day of March, 2025.

LOUISE W. FLANAGAN
United States District Judge